IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLANDA HARVEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 09-CV-118-TCK-TLW |
| ) | |
| STANLEY GLANZ, SHERIFF OF ) | |
| TULSA COUNTY, in his personal and ) | |
| Official capacities, BOARD OF COUNTY ) | |
| COMMISSIONERS OF TULSA ) | |
| COUNTY, And TULSA COUNTY SHERIFF'S ) | |
| DEPARTMENT, a/k/a/ TULSA COUNTY ) | |
| SHERIFF'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court for decision is the Motion to Consolidate of plaintiff Rolanda Harvey. Plaintiff seeks to consolidate this case with six other cases filed against the same defendants.[1] Defendants filed responses opposing the motion (Dkt. ## 38, 39), and on May 17, 2010, the Court conducted an initial hearing, which was followed by a telephonic hearing on June 3, 2010, and a final hearing on June 9, 2010.

At the initial hearing, the Court indicated that plaintiff's motion would likely be granted IN PART. The Court also ordered the parties to meet and confer for the purpose of determining whether they could eliminate their disagreements regarding plaintiff's motion, thus allowing the Court to consider the motion as a joint request from all parties. At the telephonic hearing, plaintiff and one defendant announced that all parties had reached an agreement; however, one

---

[1] See Wimberly v. Glanz (09-CV-411), Anjorin v. Glanz, (09-CV-678), Taylor v. Glanz, (09-CV-744), Peters v. Glanz, (10-CV-1), Moses v. Glanz, (10-CV-2), and Hodge v. Glanz, (10-CV-67).

defendant was not represented, so the Court scheduled the final hearing. At the final hearing, the parties announced that they had reached an agreement. That agreement is as follows:

1. Each of the cases which plaintiff sought to consolidate with this action would be transferred to District Judge Kern, the presiding judge over this action, which was the first filed. The cases to be transferred would be: Wimberly v. Glanz, (09-CV-411), Anjorin v. Glanz, (09-CV-678), Taylor v. Glanz, (09-CV-744), Peters v. Glanz, (10-CV-1), Moses v. Glanz, (10-CV-2), and Hodge v. Glanz, (10-CV-67).

2. The following five cases would be consolidated only for discovery and for expert deadlines, including any expert motions, and for no other purposes: Anjorin v. Glanz, (09-CV-678), Taylor v. Glanz, (09-CV-744), Peters v. Glanz, (10-CV-1), Moses v. Glanz, (10-CV-2), and Hodge v. Glanz, (10-CV-67).

3. The schedule currently in place in this action and in Wimberly v. Glanz, (09-CV-411) would not be altered, and this action and Wimberly would not be consolidated with the other five cases.

4. Plaintiff agrees not to seek a consolidated trial or a consolidation of any other pretrial matters other than those identified above.

For the reasons set forth below, the Court finds that, at this stage of the litigation, the agreement reached by the parties is, in most respects, in the interest of justice and promotes judicial economy.

BACKGROUND

Plaintiff filed this action on March 4, 2009, alleging that defendant discriminated against her based on her race while she was employed by defendants as a detention officer. (Dkt. # 2). Plaintiff claims that her constitutional rights were violated and that she is entitled to relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. # 2). This matter is currently scheduled for a jury trial on September 20, 2010, the discovery deadline has passed, and defendants have filed dispositive motions. (Dkt. # 21).

There is little dispute that the facts and claims of the other six cases identified above are largely similar to those of the instant case. Plaintiffs in each the other cases worked for Sheriff Stanley Glanz and the Tulsa County Sheriff's Department during overlapping time periods. Some of the plaintiffs continue to work for Sheriff Glanz and the Tulsa County Sheriff's Department today. All plaintiffs have sued Sheriff Glanz and the Sheriff's Department alleging that they experienced some form of race-based discrimination, violative of federal law, during their respective terms of employment. Specifically, each plaintiff claims that he or she was subjected to a racially hostile work environment in violation of Title VII. Each plaintiff also alleges some form of Title VII race-based disparate treatment or discipline. Finally, each plaintiff makes similar Title VII disparate impact claims.[2] There is no dispute that many of the same witnesses and many of the same documents are common to each case.

---

[2] Some plaintiffs have asserted additional employment discrimination and state law claims. For example, plaintiffs Taylor and Hodge have alleged violations of the Americans with Disabilities Act ("ADA") (09-CV-744, Dkt. # 2 and 10-CV-67, Dkt. # 2), while plaintiff Anjorin has alleged that defendants breached a contract with her (09-CV-678, Dkt. # 2). Plaintiffs Moses, Peters, Taylor, and Hodge also allege that defendants deprived them of their due process rights in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

Case 4:09-cv-00141-CKF-TLW Document 295 Filed in USDC ND/OK on 06/16/2010 Page 3 of 6

ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions before it when those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The rule also permits the court to "issue any other orders to avoid unnecessary cost or delay." Id. The court's authority to consolidate is discretionary. Amer. Employers' Ins. Co. v. King Resources Co., 545 F.2d 1265, 1269 (10th Cir. 1976). This discretionary authority allows the court to determine the manner in which it tries cases so as to maximize judicial economy in serving the interests of justice. Breaux v. Amer. Family Mutual Ins. Co., 220 F.R.D. 366, 367 (D. Col. 2004). However, the court should always balance the benefits gained by consolidation with the risks of jury confusion, inconsistent adjudications, and unnecessary expense and delay to the parties. Herd v. Asarco Inc., 2003 WL 25847423, *2 (N.D. Okla.) (citing Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993)).

Here, each of the plaintiffs was employed during overlapping time periods and each has alleged various forms of race-based discrimination. While it is possible that many of these accusations may be unique to any given individual plaintiff and that each plaintiff's claims may rely on individual circumstances, it does appear that all seven cases share common questions of fact and law. Namely, all seven plaintiffs assert Title VII disparate impact claims based on allegations that defendants rely on certain policies and practices which effectively deny African American employees access to promotions, raises, and equal compensation in favor of Caucasian employees. Each plaintiff has also asserted the common legal claim that defendants' reliance on certain practices and procedures causes a racially-disparate impact and is a violation of Title VII.

Accordingly, the Court finds that these cases do contain some common questions of fact and law, and, therefore, Rule 42(a) is applicable.

Any order entered pursuant Rule 42 should be made for the purpose of maximizing economy to the courts and the parties while attempting to avoid unnecessary delays in adjudication, cost to the parties, inconsistent adjudications, and jury confusion. There are multiple reasons that ordering some form of consolidation will enhance judicial economy in this case. For example, consolidating certain of these matters for the purpose of discovery will allow the parties to seek out the most cost effective method of deposing common witnesses. Additionally, it is likely the parties will use the same expert testimony and statistical evidence to prove and/or defend the claims of disparate impact. Given the nature of this form of evidence, there is economy in having only one judge spend the necessary time to administer these cases and to apply any knowledge and experience gained in reviewing one matter across all matters. Such a result will also avoid the risk of inconsistent adjudications.

However, the Court must also consider such things as the possibility that consolidation may cause unnecessary delay or jury confusion. For example, while these cases share many similarities, some, including the instant case, are further along than others.[3]

Thus, the best course of action is to transfer all cases to a single district court judge and to reassign all cases to a single magistrate judge and to consolidate <u>Anjorin</u>, <u>Moses</u>, <u>Peters</u>, <u>Taylor</u>, and <u>Hodge</u> for purposes of discovery and expert issues only.

ACCORDINGLY, IT IS THE ORDER OF THE COURT that the Motion to Consolidate is GRANTED IN PART and DENIED IN PART as follows:

---

[3] Due to the limited consolidation ordered herein, it is not necessary for the Court to address each of these issues now.

1. The Court Clerk shall transfer the following cases as related cases to District Court Judge Terence C. Kern: Wimberly v. Glanz, (09-CV-411), Anjorin v. Glanz, (09-CV-678), Taylor v. Glanz, (09-CV-744), Peters v. Glanz, (10-CV-1), Moses v. Glanz, (10-CV-2), and Hodge v. Glanz, (10-CV-67).

2. The Court Clerk shall assign the following cases, as related cases, to Magistrate Judge Wilson: Anjorin v. Glanz, (09-CV-678), Taylor v. Glanz, (09-CV-744), Peters v. Glanz, (10-CV-1), and Moses v. Glanz, (10-CV-2).

3. The following cases are to be consolidated for purposes of discovery and expert issues only: Anjorin v. Glanz, (09-CV-678), Taylor v. Glanz, (09-CV-744), Peters v. Glanz, (10-CV-1), Moses v. Glanz, (10-CV-2), and Hodge v. Glanz, (10-CV-67). For purposes of discovery and expert issues only, Anjorin v. Glanz, (09-CV-678) is designated as the base file. All further pleadings, motions, and documents related to discovery and expert issues shall bear only the caption of Anjorin v. Glanz, case no. 09-CV-678 and the words "Base File" shall be written below the case number. However, any motions shall be filed in all five cases. The Scheduling Orders in these cases, to the extent such an order has been entered, are stricken, and the parties in these cases are ordered to submit a new joint status report within two weeks. The joint status report should include proposed deadlines for discovery and expert-related matters consistent with this Order and shall be filed in all cases.

6. The current scheduling orders for Harvey v. Glanz, (09-CV-118) and Wimberly v. Glanz, (09-CV-411) shall remain intact except that they shall each be scheduled for separate trials on 3/21/11.

7. This Opinion and Order shall be filed in the following cases: Harvey v. Glanz, (09-CV-118), Wimberly v. Glanz, (09-CV-411), Anjorin v. Glanz, (09-CV-678), Taylor v. Glanz, (09-CV-744), Peters v. Glanz, (10-CV-1), Moses v. Glanz, (10-CV-2), and Hodge v. Glanz, (10-CV-67).

IT IS SO ORDERED this 16th day of June, 2010.

_____
T. Lane Wilson
United States Magistrate Judge