## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES D. WIMBERLY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    No.  09-CV-411-TCK-TLW |
| | ) |
| STANLEY GLANZ, SHERIFF OF TULSA | ) |
| COUNTY, in his personal and official | ) |
| capacities, BOARD OF COUNTY | ) |
| COMMISSIONERS OF TULSA COUNTY, | ) |
| and TULSA COUNTY SHERIFF'S | ) |
| DEPARTMENT, a/k/a TULSA COUNTY | ) |
| SHERIFF'S OFFICE, | ) |
| | ) |
| **Defendants.** | ) |

### OPINION AND ORDER

Before the Court is Plaintiff's Opposed Motion to Amend Complaint (Doc. 29) ("Motion to Amend").  Plaintiff seeks leave to amend his Complaint to add a claim for "race discrimination in violation of the [Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1301, *et seq.*] ("OADA") against Defendants.  (*See* Proposed Am. Compl., Doc. 93, Ex. 1.)[1]  Plaintiff contends that the Oklahoma Court of Civil Appeals' unpublished decision in *Sallee v. Oklahoma Department of*

---

[1]  Although not labeled as such, a race discrimination claim brought pursuant to the OADA is necessarily a *Burk* tort claim for termination in violation of the Oklahoma public policy enunciated in the OADA.  *See Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla.1989) (recognizing "a limited public policy exception to the terminable-at-will rule as an actionable tort claim in cases in which the discharge is contrary to a clear mandate of public policy"); *Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218, 1229-31 (Okla. 1992) (holding that the OADA does not create a private right of action for race discrimination in employment but that *Burk* tort claim is available remedy under Oklahoma law); *Martin v. Weyerhaeuser Co.*, 616 F. Supp. 2d 1210, 1216 (E.D. Okla. 2007) (applying Oklahoma law) (explaining that "a public policy exception has been extended to instances where an employee's termination was motivated by his race").  Therefore, the claim Plaintiff seeks to add is hereinafter referred to as the *Burk* tort claim.

1

*Wildlife Conversation*, Case SD-107697 ("*Sallee*"), entered on April 20, 2010, warrants the proposed amendment.[2]

## I.      Relevant Oklahoma Law

The Oklahoma Governmental Tort Claims Act ("OGTCA") requires a claimant to provide notice to the state or political subdivision of a loss or injury within one year after such loss or injury. *See* Okla. Stat., tit. 51, § 156(B).  The Oklahoma Supreme Court has held that the OGTCA's notice requirements apply to *Burk* torts but do not apply to statutory actions for handicap discrimination brought pursuant to title 25, section 1901 of the Oklahoma Statutes ("Section 1901").  *See Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1309-10 (Okla. 1996) (explaining that, "[h]ad [the plaintiff] asserted a cause of action in tort, or a parallel action as in *Tate*, the plain language of the [OGTCA] requires compliance with the notice provisions" but holding that OGTCA's notice provisions were "preempted with respect to claims brought pursuant to [Section 1901]").  Thus, pursuant to *Duncan*, Plaintiff had to comply with OGTCA's notice requirements by providing any governmental defendants notice of his *Burk* tort claim within one year of his termination.

In *Sallee*, the Oklahoma Court of Civil Appeals issued a decision that is admittedly "inconsistent with *Duncan*."  *See Sallee*, at 10 n.6.  The court held that "§ 156(B) of the [OGTCA] is not applicable to *Burk* wrongful termination claims alleging status-based discrimination under [Okla. Stat. tit. 25, § 1302]."  *Id.* at 10.  The court reasoned that the OGTCA's notice requirements "deprive victims of status-based discrimination of a remedy against the state after one year, while victims of handicap discrimination have a remedy for an additional year," thereby creating a

_____

[2]  *Sallee* is attached as Exhibit 1 to the Motion to Amend.

"dichotomous division of discrimination remedies" prohibited by the Oklahoma constitution. *See id.*

## II.     Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave when justice so requires."  District courts have wide discretion to allow amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, *City, and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted).  "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Id.*  Defendants assert that leave to amend should be denied on grounds of undue delay, undue prejudice, and futility.

The Motion to Amend will be denied on grounds of futility and undue delay.  Plaintiff admits that *Duncan* remains controlling Oklahoma Supreme Court precedent and that he has failed to comply with the OGTCA's notice requirements.  (*See* Pl.'s Reply in Support of Mot. to Amend 2 ("Plaintiff recognizes that the [*Sallee*] decision is not binding.  Instead, [P]laintiff wishes to be permitted to amend now, pending the decision of the Oklahoma Supreme Court on whether to deny cert, so that [P]laintiff does not lose on a viable claim she can rightfully assert against [D]efendants.").)  Thus, were the Court to permit amendment at this juncture, Defendants could successfully move to dismiss such claim based on *Duncan*.  This Court would not delay its ruling on any dispositive motions brought by Defendants pending the Oklahoma Supreme Court's ultimate

3

disposition of *Sallee*.  Accordingly, such motions would be governed by *Duncan*, and the proposed amendment is futile.

Second, Defendants have made a sufficient showing of undue delay.  The motion was filed on June 22, 2010, which was over eight months after the relevant deadline (*see* Scheduling Order, Doc. 12), approximately one month after the close of discovery, and a few days after the dispositive motion deadline (*see* Am. Scheduling Order, Doc. 20).  Thus, the motion was filed in the late stages of these proceedings.[3]  Although Plaintiff seeks to justify the delay based on the *Sallee* decision, such argument is unpersuasive.  Under *Duncan*, Plaintiff could have asserted an OADA claim when the Complaint was originally filed on June 25, 2009.  This was approximately eleven months after his discharge on July 30, 2008.  Thus, as of the filing date, Plaintiff still had sufficient time to comply with OGTCA's notice requirements and assert a timely *Burk* tort claim.  The Court agrees with Defendants that Plaintiff "cannot credibly argue he believed he was out of time when he filed his original Complaint and should not at this eleventh hour be permitted to add a new cause of action." (*See* Def. Glanz's Resp. to Mot. to Amend 3.)  While a purported change in law may justify delay in some cases, it does not justify the delay in this case.  In addition, despite the fact that Plaintiff's counsel represented the plaintiff in *Sallee*, Plaintiff's counsel waited two months after the *Sallee* decision to file the Motion to Amend and has provided no explanation for such delay. Therefore, the Court concludes that Plaintiff's delay in seeking amendment to add a *Burk* claim was "undue."

---

[3]  Inexplicably, Plaintiff contends that this case "was just consolidated for discovery purposes along with the claims of four other Plaintiffs" and that "discovery has not yet begun" (Mot. to Amend 6.)  This is wholly inaccurate.  (*See* Magistrate Wilson's Opinion and Order denying motion to consolidate as to this action but consolidating other actions, Doc. 26 at 2, 6.)

Plaintiff's Opposed Motion to Amend Complaint (Doc. 29) is DENIED.

SO ORDERED this 9th day of August, 2010.

_____

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**